ARTHUR STEWART, 71 Kent Blvd., Salamanca, New York, Respondent, v. THE SALVATION ARMY, INCORPORATED, and VIENNA COFFEE SHOPPE, INCORPORATED, Appellants.— Motion for reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Edgcomb, Crosby and Cunningham, JJ.

JOHN H. BAKER, Residing at 976 Delaware Avenue, Buffalo, New York, and Others, Respondents, v. GEORGE J. WECKERLE and HENRY P. WECKERLE, Appellants.— Motion for reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Edgcomb, Crosby and Cunningham, JJ.

In the Matter of EDMUND L. RYAN, an Attorney, Respondent.— Order of disbarment entered. Present.— Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.

---

## (May 19, 1937.)

ORA E. RODDA and FLORENCE E. RODDA, Respondents, v. PATRICK E. BARRETT, Appellant. ERVIN O. ZIMMERMAN and Others, Defendants.— Judgment modified on the law and facts by striking out the judgment against Barrett alone; and by reducing the judgment against both defendants, Barrett and Zimmerman, to $1,834.98, and as modified affirmed, without costs on this appeal to any party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: As to that part of the judgment which awards damages in the sum of $1,391.17 against the defendant Patrick E. Barrett, we conclude that a finding that Patrick E. Barrett acted as agent for plaintiffs in their purchase from the Preston estate of the Preston farm in Warren county, Pa., is contrary to and against the weight of evidence. Accordingly, we have made a new finding of fact and conclusion of law against the existence of such agency and have thus provided for the dismissal of that portion of the complaint upon which the judgment against Patrick E. Barrett alone has been rendered. As to that part of the judgment which awards damages against defendants Patrick E. Barrett and Ervin O. Zimmerman, the amount of the award was measured by the total value of the personal property delivered by plaintiffs to the defendant Zimmerman on or about November 1, 1932, which it was impossible to return to plaintiffs in kind because of default by defendants Barrett and Zimmerman upon their contract. Such damages, however, were awarded without regard for the undisputed proof, offered by plaintiffs, that past due taxes upon the " Preston farm " which had become a lien thereupon prior to November 1, 1932, and were thus plaintiffs' obligations, and certain other private debts which were also plaintiffs' obligations, were paid in the total sum of $502 from proceeds of official public sales of such personal property. Believing that, in determining the damages to which plaintiffs are entitled, the total amount of plaintiffs' obligations thus paid should be offset against the total value of said personal property, we have deducted from the judgment against defendants Barrett and Zimmerman the sum of $502 with interest thereupon from November 1, 1932, to the date of the judgment herein. All concur. (The judgment awards damages for fraud of an agent and also sets aside a contract, deed and transfer of personal property on the ground of fraud and awards plaintiffs resulting damages.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.